UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

JUN 0 3 2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

GERALD REED

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

MARCUS HARDY, R. Pfister
WARDEN EDWARDS, J. BALDWIN
C. HARRIS, COLLEEN FRANKLIN
JACKIE MILLER, GLADYSE C. TAYLOR
JOHN DOE-ADA COORDINATOR
C. DOWNS, C. WRIGHT, J. ENCARNARCION
(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

11 C 3777
Judge James B. Zagel
Magistrate Judge Maria Valdez

)

**CHECK ONE ONLY:**

~~_____~~

  ✓   **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
      **U.S. Code** (state, county, or municipal defendants)

_____   **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
          **28 SECTION 1331 U.S. Code** (federal defendants)

_____   **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

**I.    Plaintiff(s):**

A.    Name: GERALD REED

B.    List all aliases:

C.    Prisoner identification number: N32920

D.    Place of present confinement: Stateville Corr. Ctr.

E.    Address: P.O. Box 112 Joliet, Il. 60434-0112

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.    Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.    Defendant: MARCUS HARDY

Title: Chief Administrator — Warden

Place of Employment: Stateville C. C.

B.    Defendant: R. Pfister

Title: Assistant Warden

Place of Employment: Stateville C. C.

C.    Defendant: EDWARDS

Title: Assistant Warden

Place of Employment: Stateville C.C.

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

D. DEFENDANT: J. BALDWIN
TITLE COUNSELOR
PLACE OF EMPLOYMENT: STATEVILLE C.C

E. DEFENDANT C. HARRIS
TITLE COUNSELOR
PLACE OF EMPLOYMENT: STATEVILLE C.C.

F. DEFENDANT: COLLEEN FRANKLIN
TITLE GRIEVANCE OFFICER / COUNSELOR
PLACE OF EMPLOYMENT STATEVILLE C.C.

G. DEFENDANT JACKIE MILLER
TITLE ADMINISTRATIVE REVIEW BOARD MEMBER
PLACE OF EMPLOYMENT: ILLINOIS DEPT. OF CORRECTIONS

H. DEFENDANT GLADYSE C. TAYLOR
TITLE: ACTING DIRECTOR
PLACE OF EMPLOYMENT ILLINOIS DEPT. OF CORRECTIONS

I. DEFENDANT C. DOWNS
TITLE CORRECTIONAL OFFICER
PLACE OF EMPLOYMENT: STATEVILLE C.C.

3

J. DEFENDANT C. WRIGHT
   Title LT.
   PLACE OF EMPLOYMENT Stateville C.C.


K. DEFENDANT J. ENCARNARCIÓN
   Title Sgt.
   PLACE OF EMPLOYMENT Stateville


L. DEFENDANT JOHN DOE OR JANE DOE
   Title: ADA-DISABILITY COORDINATOR
   PLACE OF EMPLOYMENT Stateville C. C

4

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.     Name of case and docket number: _____

_____

B.     Approximate date of filing lawsuit: _____

C.     List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

_____

_____

_____

D.     List all defendants: _____

_____

_____

_____

E.     Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

F.     Name of judge to whom case was assigned: _____

_____

G.     Basic claim made:_____

_____

_____

H.     Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____

_____

_____

I.     Approximate date of disposition: _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

## IV.    Statement of Claim:

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

Since sometime around August 2009 plaintiff has had to use cruthes to get around (move). During that time plaintiff had a permit for his crutches & was permitted to go to out of cell exercise with his cell house & gallery. Sometime around August 2010 or July 2010 plaintiff was on his way outside to go to his scheduled out of cell exercise period & he was stopped by the cell house officer, Sgt. & Lt. Plaintiff was told that because he had crutches, he could not go out with his gallery for out of cell exercise period. up until this day plaintiff had been going out to the yard with his assigned gallery on his assigned days. At this time August 2010 the yard schedule was on 2 days a week yard was ran for two & a half hours each day for a total of 5 hours a week. Also at this time the institution was running night yard for the population & protective custody units. from August 2010 thru December 2010

6

Plaintiff was not allowed to go out period for any kind of out of cell exercise. This is a violation of plaintiffs 8TH Amendment constitutional rights to be free from cruel & unusual punishment & the 14TH. Amendment as well, to be treated fair & equal. Sometime in December 2010 after plaintiff had written several letters to Warden Marcus Hardy, Assistant Warden Pfister & Edwards & also Major Niles letting them all know that as a result of not being able to exercise inside because there was no room in the one man cell occupied by 2 inmates & plaintiff couldn't go to out of cell exercise because he walked around with (2) crutches & per Warden Marcus Hardy inmates with crutches couldn't go to outside exercise period. Sometime in December inmates with crutches were told that on Sundays we would be going to yard. Plaintiff was being descriminated against because of his disability. Even though plaintiff was being given one day a week for out of cell exercise, unlike any other inmates that are in population, plaintiff is a practicing Christian & Christian services are held on Sundays. Plaintiff must choose to either go to out of cell exercise period or go to Christian services. Regular population gets to

Revised 9/2007

GO TO CHRISTIAN SERVICES & THEY GO OUT TWO TIMES A WEEK. THEY DON'T HAVE TO MAKE A CHOICE AS TO WHICH RIGHT THEY WANT TO EXERCISE. DISCRIMINATION OCCURS WHEN ONE PERSON OR GROUP OF PEOPLE ARE DELIBERATELY TREATED DIFFERENT. PLAINTIFF & OTHER INMATES WITH CRUTCHES ARE DELIBERATELY TREATED DIFFERENTLY FOR THE SOLE REASON...THEY ARE DISABLED.

DEFENDANTS WILL CLAIM THAT THE SEPERATING OF INMATES WITH CRUTCHES LIKE PLAINTIFF FROM GOING TO YARD WITH INMATES WITHOUT CRUTCHES IS FOR SECURITY REASONS. DEFENDANTS ARE ARROGANT & BELIEVE THAT RULES & LAWS & RIGHTS ONLY APPLY TO INMATES & NOT FOR THEM TO FOLLOW OR ADHERE TO. PLAINTIFF ISN'T ALLOWED TO GO TO THE GYM WITH HIS GALLERY ON THEIR DAY BECAUSE HE HAS CRUTCHES. THIS ALLEGEDLY WAS DONE BECAUSE OF SECURITY REASONS BUT WHEN PLAINTIFF GOES TO CHRISTIAN SERVICES HE'S NOT ONLY ALLOWED TO GO TO SERVICE (HELD IN GYM) WITH HIS GALLERY

But with THE WHOLE CELL HOUSE ; HE's ALLOWED TO GO WITH BOTH HIS CRUTCHES. DEFENDANTS CAN'T EXPLAIN WHY ITS A SECURITY RISK IF PLAINTIFF GOES OUT WITH HIS GALLERY TO THE YARD OR GYM, BUT ITS NOT A SECURITY RISK WHEN PLAINTIFF GOES TO CHRISTIAN SERVICES WITH HIS GALLERY ; THE REST OF THE CELL HOUSE. PLAINTIFF ALSO TAKES HIS CRUTCH WITH HIM TO LAW LIBRARY, DINNING ROOM, VISITOR ROOM, BARBER SHOP, CHRISTIAN SERVICES, HOSPITAL ; ALL OTHER MOVEMENTS EXCEPT FOR YARD. PLAINTIFF IS BEING TREATED LIKE HE's IN SEGREGATION. SEG. ARE ONLY TAKEN TO OUTSIDE ONCE A WEEK LIKE How PLAINTIFF IS BEING DONE. PLAINTIFF WAS TOLD BY LT. JOHNSON, THAT IF HE LEFT HIS CRUTCHES ON THE OUTSIDE OF THE YARD GATE, THAT HE COULD GO TO THE YARD WITH HIS ASSIGNED GALLERY. PLAINTIFF NEEDS HIS CRUTCHES TO WALK, SO FOR THE LT. TO EVEN SUGGEST THAT PLAINTIFF

LEAVE HIS CRUTCHES OUTSIDE THE YARD GATES.

This WAS HIS (LT. JOHNSON) WAY OF SAYING THAT HE

THINKS PLAINTIFF IS FAKING HIS INJURY. THATS

Not HIS JOB TO WONDER ABOUT PLAINTIFFS INJURY.

WARDEN HARDY, Pfister & EDWARDS EACH SHOULD HAVE

KNOWN THAT DENYING PLAINTIFF HIS OUT OF CELL

EXERCISE WAS IN DIRECT VIOLATION OF PLAINTIFF'S

Constitutional Rights. His 8TH & 14TH AMENDMENTS

WERE VIOLATED BY DEFENDANTS. DEFENDANTS SHOULD

HAVE KNOWN THAT THEY WERE DISCRIMINATING

AGAINST PLAINTIFF BY TELLING HIM THAT BECAUSE

HE HAS CRUTCHES THAT HE CAN'T GO TO THE GYM.

BIG YARD OR SMALL YARD WITH HIS ASSIGNED

GALLERY. DEFENDANTS SHOULD HAVE KNOW THIS

BEFORE THEY WROTE THE MEMO & ENFORCED It.

PLAINTIFF SPOKE WITH WARDEN Pfister SOMETIME

IN DEC. 2010 ABOUT WHY WERE THE INMATES

WITH CRUTCHES ~~BEING~~ BEING DISCRIMINATED AGAINST? DEFENDATS ~~HAD~~ HAD NO REASONABLE ANSWER AS TO WHY HE & THE OTHER WARDENS TAKE PLAINTIFF YARD. DEFENDANT PFISTER STATED INMATES WITH CRUTCHES WERE INVOLVED IN A FEW INCIDENS & THEREFORE SECURITY HAD TO SEPERATE US WEEK TO WEEK SO PLAINTIFF MISSED ~~THE~~ YARD BECAUSE HE WASN'T ALLOWED TO GO PER WARDEN BULLETIN. PLAINTIFF HAS BEEN IN STATEVILLE FOR OVER 10 YEARS NOW, & HE CAN'T RECALL ANYTIME ~~THE~~ DURING THE PAST 10 YEARS THAT ANYBODY WITH CRUTCHES HIT SOMEONE WITH HIS CRUTCH OR FOUGHT, SO PLAINTIFF DOESN'T KNOW WHAT THE REASON IS THAT LIT THE FUSE, CAUSING INMATES WITH CRUTCHES TO BE TARGETED. NO ONE GOT BEAT OR HIT WITH CRUCHES, SO PLAINTIFF SEE'S NO REASON THAT HE OR OTHER INMATES WITH CRUTCHES AREN'T BEING ALLOWED TO PARTICIPATE WITH HIS ASSIGNED GALLERY.

11

WHEN THEY GO OUTSIDE FOR OUT OF CELL EXERCISE PERIOD. PLAINTIFF HAS A ROD IN HIS LEG THATS BROKEN ¢ CAUSES HIM A LOT OF PAIN. WHEN PLAINTIFF WAS ABLE TO GO TO YARD TWICE A WEEK WITH THE REST OF HIS GALLERY, HE WAS ABLE TO WALK THE YARD ¢ THAT HELPED STOP HIS LEG FROM HURTING SOME. ALSO PLAINTIFF WAS ABLE TO LIFT SOME WEIGHTS WHILE ON THE SOUTH YARD, ¢ WHEN HE WENT TO GYM HE WAS ABLE TO USE THE WEIGHT MACHINE ¢ DO SOME LIGHT LEG EXERCISE'S. PLAINTIFF HAS NOT BEEN ALLOWED ON THE SOUTH YARD ¢ THEREFORE DENIED ACCESS TO THE WEIGHTS. PLAINTIFF HAS ALSO NOT BEEN ALLOWED IN THE GYM EITHER ¢ DENIED ACCESS TO THE WEIGHT MACHINE ¢ THE LEG PRESS EXERCISE'S THAT HE WAS DOING WHEN HE COULD GO TO THERE. PLAINTIFF USED THESE EXERCISE'S TO HELP STRENGTHEN UP THE MUSCLES IN HIS LEG, BECAUSE OF THEY BEING WEAKEND DUE TO HIS LIMITED MOBILITY. PLAINTIFF IS AN INMATE THATS NOT CONFINED TO SEGREGATION. HE'S IN REGULAR POPULATION ¢ POPULATION

INMATES ARE GIVEN OUT OF CELL EXERCISE TWO (2) TIMES A WEEK & THEY ROTATE BETWEEN THE THREE (3) DIFFERENT YARDS & GYM. THEY GO TO SMALL YARD (2) TWO TIMES & THEN (1) TIME FOR THE SOUTH YARD WHERE THERE ARE WEIGHTS LOCATED AT, WHICH PLAINTIFF WOULD BENEFIT CONSIDERABLLY FROM BEING ABLE TO WORK OUT WITH. LASTLY, POPULATION IS GIVEN (1) TIME TO GO TO THE GYM WHERE THE EXERCISE MACHINE IS LOCATED AT THAT PLAINTIFF CAN USE TO STRENGTHEN HIS LEGS. PLAINTIFF WANTS TO GO TO THE OTHER YARD PERIODS THAT HE'S BEEN DENIED BECAUSE HE HAS CRUTCHES. INSTED OF BEING GIVEN (2) TWO 2½ HOUR OUT OF CELL EXERCISE PERIODS LIKE EVERY ONE ELSE IN POPULATION RECEIVES. PLAINTIFF IS ONLY BEING GIVEN ONE DAY FOR OUT OF CELL EXERCISE, & HE'S BEING GIVEN 5 STRAIGHT HOURS ONLY ON THE SMALL YARD & ONLY ON SUNDAYS. 5 HOURS IS TO LONG FOR PLAINTIFF TO BE ON THE SMALL YARD OR ANY YARD FOR THAT MATTER. PLAINTIFF CAN'T SIT OR WALK FOR THAT LONG A PERIOD OF TIME, BECAUSE HIS LEG WILL START TO

Hurt really bad. Plaintiff went out several times to the out of cell exercise period. Each time he stayed on the yard 5 hours or loner; each time he came back from exercise period plaintiff's leg hurts him so bad that twice he was brought to tears from the pain. 5 hours is to long for plaintiff to be on the outside exercise yard because not only does plaintiff have a broken rod in his leg but he was born with a small hole in his heart. There's no" water fountain or access to water on the small yard. Plaintiff take a bottle of water with him to the exercise period, but after a couple hours his water is gone. Plaintiff sufferd dramiticly the next couple of hours he was forced to stay out on the yard without any more water to drink. Plaintiff shouldn't be forced to stay on the yard more time than he's able to or use to being on the yard. If defendants (Administration) would

14

Stop Discriminating Against Plaintiff & Allow Him To Go Back To Going To Out of Cell Exercise Periods ~~~~~ Twice A Week With His Cell House & Gallery Like Every Other Population Status Inmate Gets To Do. Its Obvious That Plaintiff Is Being Discriminated Against. The Proof Is That Without The Crutches That Plaintiff So Needs To Move Around With He Would Be Allowed To Go To Yard Twice Like He's Entitled To Do. If Defendants Decide That Plaintiff Going To Exercise Period With Cell House & Gallery Like The Rest Of Population Statused Inmates Is A Security Risk. Defendants Can't Just Take Plaintiff's Out Of Cell Exercise Period Because They Feel Like It. Plaintiff's Exercise Period Is Protected By The 8TH & 14TH Amendments. Defendants Must Make Available To Me The Same Number Of Exercise Periods That They've Denied Me & If They Fail To Do That, Then That Is Discrimination On Defendants Part Towards Plaintiff, For Not Giving Him Equal Protection Under The

14TH. AMENDMENT Constitutional Rights & Subjecting Plaintiff To Cruel & Unusual Punishment By Taking One of His Out of Cell Exercise Periods & Leaving Him On The Yard Over 5 Hours In The Freezing Cold Tempetures On December 19TH, 2010.

Defendants Tried To Discourage Plaintiff By Not Following Their Own Rules When It Comes To Someone Filing A Discrimination Grievance. Section 504.830: Grievance Procedures, In The Inmate Orientation Manual States: The Grievance Officer Shall Promptly Submit A Copy Of "Any Grievance" Alleging Discrimination Based On Disability Or A Request For An Accommodation Based Upon Disability To The Facility ADA Coordinator. The Facility Coordinator Shall Conduct Such Investigation As Deemed Appropriate & Make Written Recommendations To The Chief Administrative Officer For Resolution Of The Grievance. Plaintiff's Grievances Were Concerning How He Was Being

DENIED HIS YARD, IT WAS TAKEN FROM HIM BECAUSE HE WALKED WITH CRUTCHES. AS A RESULT OF GOING OUT TO OUT OF CELL EXERCISE PERIOD FOR 5 HOURS OR LONGER, PLAINTIFF'S LEGS & HIP WERE HURTING HIM REALLY BAD, & AS A DIRECT RESULT OF HAVING HIS EXERCISE PERIOD TAKEN ALL TOGETHER PLAINTIFF'S JOINT & LEGS GOT REALLY STIFF & THEY ALONG WITH HIS HIP WOULD HURT SO MUCH WHEN HE MOVED, THAT IT BROUGHT TEARS TO PLAINTIFF'S EYES. DEFENDANTS DELIBERATELY DENIED ME & MY GRIEVANCE THE PROPER PROCEDURE THAT IT & WE WERE BY THE RULES, SUPPOSE TO HAVE RECEIVED. PLAINTIFF'S GRIEVANCE WASN'T SENT TO THE ADA COORDINATOR SO IT WASN'T HANDLED AS PROCEDURE STATES IT SHOULD HAVE BEEN & THAT IS A 14TH AMENDMENT DUE PROCESS VIOLATION OF MY CONSTITUTIONAL RIGHTS. PLAINTIFF IS ENTITLED TO A FAIR & ~~THROUGH~~ THOROUGH INQUIRY INTO HIS COMPLAINT & GRIEVANCE ABOUT BEING DISCRIMINATED AGAINST BY THE LISTED DEFENDANTS BECAUSE OF HIS DISABILITY. PLAINTIFF HAS SHOWN THAT DEFENDANTS

DISCRIMINATED AGAINST HIM BECAUSE OF HIS OBVIOUS DISABILITY. PLAINTIFF HAS SHOWN HOW HE WAS HARMED & HAD TO SUFFER IN PAIN AS A DIRECT RESULT OF DEFENDANTS DISCRIMINATION TOWARDS HIM, THAT CAUSE PLAINTIFF TO BE STUCK IN EARLY 20° DEGREE WEATHER FOR OVER 5 HOURS & PLAINTIFF WASN'T PREPARED TO BE ON THAT COLD-FREEZING OUT OF CELL EXERCISE PERIOD FOR THAT LONG A TIME FRAME. PLAINTIFF WAS HARMED WHEN FROM JULY OR AUGUST 2010 HE WASN'T ALLOWED TO GO TO ANY OUT OF CELL EXERCISE PERIODS WHAT SO EVER BECAUSE DEFENDANTS DENIED PLAINTIFF EXERCISE FROM JULY OR AUGUST UNTIL LATE OCTOBER 2010 & AS A RESULT PLAINTIFF COULD NOT DO OUT OF CELL EXERCISE NOR INSIDE THE CELL EXERCISES & HIS LEG & HIP GOT STIFF & HURT EVERY TIME HE ROLLED OVER ON HIS SIDE & WHEN HE SAT TO LONG, OR STOOD TO LONG. THE ROD HAD BROKEN THAT WAS IN PLAINTIFF'S LEG. WHEN HE USE TO BE ABLE TO GO TO GYM & SOUTH YARD PLAINTIFF WAS ABLE TO WORKOUT ON A CONSISTANT BASIS & THIS HELPED PLAINTIFF'S LEG.

& Hip stay ~~~~ Loosend up & plaintiff wasn't in constant pain then, like he is now today from the lack there of, of going out to out of cell exercise period. Defendants violated plaintiff's 1st amendment right to use the grievance procedure to get a resolution to his problems of being discriminated against for his disability. Plaintiff asks this honorable court to help him find a solution to his on going problem of being discriminated against for his disability that requires him to walk with crutches... C-O C. Downs, Sgt. Joe Encarnacion, & Lt. C. Wright wouldn't let plaintiff out for yard/ out of cell exercise period. When plaintiff asked to see a copy of the memo that said he couldn't go to exercise period with his crutches. Neither defendant showed plaintiff the memo. When plaintiff finally saw the memo it said September 2010 is when the memo allegedly went into effect, but in July or August 2010 is when defendants started denying plaintiff his out of cell exercise. J. Baldwin, C. Harris, Colleen

FRANKLIN TREATED PLAINTIFF'S GRIEVANCES LIKE THEY WERE REGULAR GRIEVANCES WHEN THEY WERE CLEARLY MARKED DISABILITY GRIEVANCES. PLAINTIFF SENT A LETTER WITH HIS GRIEVANCES TO THE GRIEVANCES OFFICER INFORMING THEM THAT I WAS SENDING A DISABILITY GRIEVANCE TO THE GRIEVANCE OFC. PLAINTIFF ALSO SENT LETTERS TO THE ADMINISTRATIVE REVIEW BOARD NOTIFYING THEM THAT THE COUNSELORS & GRIEVANCE OFFICER DID NOT FOLLOW PROCEDURE WITH PLAINTIFF'S DISABILITY GRIEVANCES. EVEN WITH PLAINTIFF'S LETTERS SENT TO A.R.B. & TO ACTING DIRECTOR GLADYSE C. TAYLOR, HIS GRIEVANCES WERE ANSWERED AS REGULAR GRIEVANCES & NOT DISABILITY GRIEVANCES LIKE THE RULE BOOK SAYS THEY WERE SUPPOSE TO BE ANSWERED. PLAINTIFF WROTE THE ADA COORDINATOR TWICE ASKING FOR HELP IN TRY TO GET HIS DISABILITY GRIEVACES ANSWERED. NEITHER DEFENDANT DID THEIR JOB WHEN PLAINTIFF SENT THEM HIS GRIEVANCE & A LETTER TELLING THEM THAT PLAINTIFF'S GRIEVANCE WAS A DISABILITY GRIEVANCE & NEEDED TO BE ADDRESSED AS ONE. DEFENDANTS DELIBERATELY CHOOSE NOT TO ANSWER PLAINTIFF'S LETTERS OR HIS DISABILITY GRIEVANCE...

As a direct result of defendants not following their own rules plaintiff was subjected to violations of his 8TH & 14TH constitutional rights. Plaintiff was denied a hearing with the American Disability Act Administrator on the grounds that he's being discriminated against & being denied his out of cell exercise period like how everyone else in population is receiving theirs. Plaintiff's 14TH Amendment right to due process & equal protection under the law, because not only was plaintiff disability grievance not properly processed but plaintiff & every other inmate who's disability requires them to use crutches, find themselves being treated like no other class of men in stateville. Plaintiff has shown thru-out this 1983 complaint how each defendant denied & or violated his constitutional rights, in a deliberate

21

& Intentional fashion. Plaintiff Notified Defendants To The fact That His Constitutional Rights Were Being Violated By Him Having To choose Between out of cell Exercise & Going To His Christian Worship Service. Insted of Two(2) Days of out of cell exercise like He Had Been Receiving, Plaintiff Was only Being Allowed One Day out for exercise Because He Had A Disability That Required That He use Crutches To Move & Walk. Plaintiff Wrote Letters & Grievances in An Effort To Notify Defendants To The fact That They WERE Being Deliberately Harmful To Him By Taking His out of cell exercise period for No Reason other... Just Because They Could. Plaintiff Asks This Court To Look At His Complaint & See How The Defendants Continuancely Deprived Him of His Constitutional Rights By Going Against Illinois Compiled Statuate That States: facilities shall provide for every person To Leave His cell for At Least one Hour A Day. Plaintiff is entitled To Have THE SAME

Amount of out of cell exercise time that everyone else who's not in segregation is entitled to. If plaintiff is not gonna get what the rest of population receives & he's in population also, then plaintiff is being discriminated against because of his disability. Plaintiff has shown how each defendant played a part in denying him his constitutional rights...

**V.** **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

PLAINTIFF ASKS FOR $250,000 IN DAMAGES, $250,000 PAIN & SUFFERING, NOMINAL - PUNITIVE DAMAGES, TO BE OUT MY CELL ONE HOUR A DAY & ON TOP OF ANY AWARD PLAINTIFF WANTS $350.00 FILING FEE.

**VI.** The plaintiff demands that the case be tried by a jury. ☑ YES ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _____ day of _____, 20 **11**

_____

_____
(Signature of plaintiff or plaintiffs)

GERALD REED
(Print name)

# N32920
(I.D. Number)

STATEVILLE CORR. CTR.

P.O. BOX 112

Joliet, IL. 60434-0112
(Address)

6                                                                Revised 9/2007

WARDEN HARDY                                              8/25/10

    I AM WRITTING to you, BECAUSE I'VE BEEN told by the cell-HOUSE officers, SGT. AND LT. Whright that I can't go to outside EXERCISE period, BECAUSE my disability has me using crutches to get around. I AM entitled to out of cell EXERCISE, BECAUSE I can't do it in the cell, by my not being allowed out for out of cell EXERCISE my hip, back & legs have begun to hurt AND I keep catching cramps in those AREA's. I'm forced to be in the bed all day, and there's only enough room for one of us on the floor at a time. My yard being taken, BECAUSE I have a disability that forces me to have crutches isn't fair.    This is a DIRECT AND DELIBERATE violation of my 8th & 14th AMENDMENT Constitutional right, I AM, sending this letter to WARDEN HARDY, ASST. WARDEN Pfister AND WARDEN EDWARDS. So that you will know that AS A result of your new rule to not allow me a disabled inmate who needs crutches to move around, my out of cell EXERCISE period, like you let every other INMATE in this institution is not only AN 8th & 14th Constitutional AMENDMENT violation, but pre-judicial to inmates with disabilities. I ASK you to please allow me to go out of cell EXERCISE period with my unit and gallery. It will help me to get healthier AND

1 of 2

STRONGER, So IN TIME I won't NEED CRUTCHES
BUT by You tAKING My YARD TIME. IN only GET
WEAKER AND NEED My CRUTCH EVEN MORE so Now.
I PRAY You dreadfe to change this Rule of
No YARD FOR CRUTCHES..
     C.C. WARDEN HARDY

          SINCERLY MR. GERALD REED

ASST. WARDEN PFISTER                                    8/25/10

I AM WRITTING TO YOU, BECAUSE IVE BEEN TOLD BY THE CELL-HOUSE OFFICERS, SGT. AND LT. WRIGHT ON THE 2 to 3 SHIFT, THAT I CAN'T GO to OUTSIDE EXERCISE PERIOD, BECAUSE MY DISABILITY HAS ME USING CRUTCHES TO GET AROUND. I AM ENTITLED to OUT OF CELL EXERCISE, BECAUSE I CAN'T DO IT IN THE CELL. BY MY NOT BEING ALLOWED OUT FOR OUT OF CELL EXERCISE MY HIP, BACK AND LEGS. HAVE BEEN HURTING AND I GET CRAMPS ALOT. IN THESE AREA'S OF MY LEG.

I'M FORCED to BE IN THE DEN MOST OF THE DAY. AND THERE'S ONLY ENOUGH ROOM IN THIS LITTLE CELL, FOR ONE PERSON AT A TIME ON THE FLOOR AT A TIME. MY YARD BEING TAKEN. BECAUSE I HAVE A DISABILITY THAT FORCES ME TO HAVE CRUTCHES IS FAIR TO ME, OR ANYONE WITH A CRUTCH IN THIS SITUATION. THIS IS A DIRECT AND DELIBERATE VIOLATION OF MY 8th & 14th AMENDMENT CONSTITUTIONAL RIGHT. I AM SENDING THIS LETTER to WARDEN PFISTER, HARDY AND EDWARDS SO THAT YOU WILL KNOW THAT AS A RESULT OF YOUR NEW RULE TO NOT ALLOW ME A DISABLED INMATE, WHO NEED A CRUTCH TO TRAVEL AROUND, MY OUT OF CELL EXERCISE PERIOD lake ALL THE OTHER INMATE IN THE INSTITUTION IS ALOT ONLY A VIOLATION OF MY 8th & 14th AMENDMENT, BUT THIS PROCESS VIOLATES AND PREJUDICE TOWARDS INMATES WITH DISABILITY

1 OF 2

I ASk you AND your Authority STAFf; to
PlEASE, I MEAn PlEASE Allow ME to go out to the
out of cell EXERCISE PERIODS with my unit AND
gAllery. It will help ME to get HEAlthIER AND
STRENGThEN my lEg. So IN tIME I won't NEED
chutches, But by you tAking my yARD tIME, I'll
onlY get weAKER AND NEED thIS cRutch EVEN lONGER
than I hAVE to. I prAy you clecIdE to chANgE
thIS RulE of No yARD foR cRutches.

MR. GORAIN REEN

To: c.c. WARDEN PfISTER

WARDEN EDWARDS                                          8/25/10

    I AM WRITTING to You, BECAUSE I'VE been told by the cell house officers, SGT. AND LT. WRIGHT that I can't go to the outside exercise period, Due to my Disability, with having a crutch to get around, from place to place.

    By NOT Allowed out for out of cell exercise, my Hip, Back and leg, have been hurting. And the pain in it is unbearable, by catching cramps in those area. Have me unable to leave the cell, Just to walk to the chow Hall. So that forces me to be in bed most of the days, I can't exercise in the cell. Because my cell-mate is on the floor all day and there's only enough room for one of us to be on the floor at a time. My Yard being taken, Because I have a disability that forces me to have crutches isn't fair. This is A Direct AND Deliberate violation of my 8th & 14th Amendment Constitutional Right, I am sending this letter to You WARDEN MR. EDWARD, Along with A letter to WARDEN HARDY AND Mister About this MATTER. So that You All will know that as a Result of Your New Rule to Not Allow me A Disabled inmate who needs crutches to walk Around. My out of cell exercise period, like You allow every other inmate in this institution is Not only And 8th & 14th Constitutional Amendment violation, But is prejudicial to inmates

1 of 2

With Disability. I ask you to PLEASE allow me to go to the out of cell exercise period with my unit and gallery. It will help me alot, to strengthen my leg and hip. to it's healthier compasiate so in time I won't need this crutch to move around from place to place.

By you taking my yard time, I'll only get weaker and helpless and need my crutch even more so now, then ever. I pray Warden Edwards you decide to change this rule of no yard for those with crutches.

Mr. Gerald Reed

thank you.

C.C. Warden Edwards

DEAR WARDEN HARDY                                        9/7/10
    I'm writing you, BECAUSE I HAVEN'T
HEARD FROM EITHER ONE of the WARDENS that
I WROTE on 8/25/10. I've written All three of i/ou
to let you Know that what i/ou're doing is DISCRI-
MINATING towards ME AND others INMATES that have
DISABILITIES, Which REQUIRE us to WALK with CRUTCHES.
    WE'RE NOT being Allowed to go OUTSIDE EXERCISE, pro-
TECTIVE CUSTODY, the INMATES IN the hospital AND All
the INMATES IN population, BUT BECAUSE I USE CRUTCHES
to WALK AROUND, I'm BEING DENIED AN OUT of CELL EXER-
CISE PERIOD, THAT'S DISCRIMINATION AND A DIRECT AND
DELIBERATE VIOLATION of the DISABILITIES ACT. COULD you
SEND ME the NAME of the DISABILITY ADMINISTRATOR?
    I'm going to SEND the ANA ADMINISTRATOR A letter
AS WELL, BECAUSE I believe that this is A VIOLATION of
the AMERICAN with dISABILITIES ACT, So I WANT to
NOTIFY them so they CAN look into MY CLAIM. I PRAY
you decide to chANGE the RULE of No YARD FOR ME,
CAUSE I HAVE CRUTCHES...?

                SINCERELY MR. GERALD REED N-32920

C.C. WARDEN HARDY

WARDEN EDWARDS                                    9/02/10

    I'm writing you. Because I haven't
heard from either you, or the other two Wardens
that I wrote on 8/25/10. I've written all three of
you to let you know that what you're doing is discrim-
inating towards me and other inmates that have
disabilities, which require us to walk with crutches.
    We're now being allowed to go outside exercise,
protective custody, the inmates in the hospital, the
men in segregation, and all the inmates in population.
but because I use a crutch to walk with to get around
I'm being denied an out of cell exercise period
that's discrimination and a direct and deliberate
violation of the disability act. Could you send me
the name of the disability administrator?
    I'm going to send the A.D.A administrator
a letter as well, because I believe that this is a
violation of the American with Disabilities Act.
So I want to notify them so they can look into my
claims. I pray you decide to change the rule of no
yard for me, cause I have # crutches...

        Mr. Gerain Reed

C.C. Warden Edwards

WARDEN PFISTER                                    9/2/10

    I'm writing you WARDEN PFISTER, BECAUSE I haven't heard Anything from you or the WARDEN of PROGRAM EDWARDS /or HARDY. Which I wrote All three of you on 8/25/10. I've written you And them, to let you know that what you're doing is Discrimination towards ME And other INMATES that have Disabilities, Which Require us to walk with crutches. We're not being Allowed to go to outside Exercise, PROTECTIVE CUSTODY, seg, the INMATES IN the Hospital And all the INMATES IN population, But BECAUSE I use crutches to walk Around with, I'm being denied And out of cell exercise period. That's his Discrimination And a Direct with Deliberate Violation of the Disabilities Act.

    Could you send me the NAME of the Disability ADMINISTRATOR? I'm going to send the A.D.A. ADMINISTRATOR a letter As well, Because I believe that this is a violation of the AMERICANS with Disabilities Acts. So I want to Notify them so they can look Into My claims. I pray you decide to change the Rule of <u>No</u> yARD for ME, cause I have crutches. . . .

           Sincerely MR. GERALD REED

To: The ADA Disability Administrator                    9/7/10
    Superintendent Ms. Ponavich

    I've written grievances on 8/25/10, 9/3/10
And 9/7/10 concerning my out of cell exercise yard
period being taken from me, because I have a
disability that requires me to use crutches to get
around. Every inmate in Stateville C.C. Segrega-
tion, P.C., hospital and population alike are entitled
to receive out of cell exercise, and they get it.
with the exception being me and other inmates
with crutches. If one group of inmates are being
treated different from all the other inmates, be-
cause they have crutches, that's clearly discrimination
towards that group. Because of their disability,
    I am asking you to please look into the rules
that prevents me from going to out of cell exercise
because I have crutches....

    Mr. Gerald Reed      D-337

DEAR SUPT PONAVICH - AND ADMINISTRATOR          10/12/10
        Hello.
        I've written Grievences on 8/28/10 AND
10/10/10, About My Constitutional Rights being
violated by me not being Able to go to the out
of cell exercise with my crutches. I'm being told
that I can only go outside exercise on Sundays
which is Discrimination towards me and others
inmates with crutches. I am a Christian and
Christian services are only held on Sundays, and
Sundays only. I have to choose between going to
Christian services (Church) on Sundays and going out
to out of cell exercise. I shouldn't have to choose
between the two things that I have a Constitution-
al Right ~~to~~ ——> To Receive. Every inmate
that's in population has the opportunity to practice
their religious preference, but not me, because
I have to make a choice of either going to church
or to the yard. Every religion has their worship
services held on a day that doesn't interfere
with their out of cell exercise period, except for
me and other inmates with crutches. My day for
worship service is Sundays, the same day as I've
regulated to go to out of cell exercise. That's not fair.
It's Discrimination. All Population inmates P.C.
Hospital confined inmates go out two times a
                1 of 2
                        continue

week for out of cell exercise, but not me or other inmates with crutches, we're only allowed out one time a week. That is discrimination towards me and inmates with crutches in violation of the Disability Act. My grievances have been seen by the counselors and not by you the administrator A.D.A. which all disability grievances are suppose to be reviewed by. I'm sending you this second letter along with a copy of my grievances so you can see how I've been discriminated against, because of my disability. Grievances dated 8/25/10 9/3/10, 9/7/10, 9/9/10, 9/25/10. and 10/10/10. are being sent with this letter. Please look them over and let me know that these acts of discrimination will be stopped...

Mr. Gerald Reed

Thank you. And
God Bless

WARDEN HARDY                                        10/12/10

I AM WRITTING AGAIN, BECAUSE I AM being DISCRIMINATED AGAINST. MY YARD HAS BEEN TAKEN FROM ME, BECAUSE I HAVE A DISABILITY THAT REQUIRES ME TO USE A CRUTCH TO WALK. EVERY INMATE IN STATEVILLE, BESIDE MYSELF. AND OTHER INMATES WITH CRUTCHES ARE GIVEN THEIR OUT OF CELL EXERCISE TIME. THIS HAS BEEN GOING ON ALL SUMMER IT SEEMS LIKE, I WASN'T ALLOWED TO GO TO NIGHT YARD LIKE EVERY BODY IN POPULATION.

THIS IS A DELIBERATE ACT OF DISCRIMINATION TOWARDS INMATES LIKE ME WITH CRUTCHES FOR NO REASON OTHER THAN, BECAUSE YOU CAN DO IT. I HAVEN'T DONE ANYTHING TO LOSE MY RIGHT FOR OUT OF CELL EXERCISE, BUT IT DIDN'T STOP YOU FROM TAKING IT FROM ME AND ONLY ME AND OTHER INMATES WITH CRUTCHES. THAT'S DISCRIMINA-TION. I'VE WRITTEN ALL 3 WARDENS ON 8/25/10, 9/7/10 AND NOW 10/12/10. WHERE I AM AGAIN ASKING FOR AN EX-PLANATION WHY MY YARD HAS BEEN TAKEN FROM ME AND WHEN WILL I GET IT BACK? "I PRAY YOU DECIDE TO CHANGE THE RULE OF NO YARD FOR INMATES WITH CRUTCHES CAUSE ITS A VIOLATION OF MY 8th, 14th CONSTITUTIONAL RIGHTS AND THE AMERICANS WITH DISABILITIES ACT.

SINCERLY MR. GERALD REED N-32920

C.C. WARDEN HARDY.

WARDEN Pfister                                                    10/12/10

    I AM WRITING AGAIN, BECAUSE I AM
BEING DISCRIMINATED AGAINST. MY YARD HAS
BEEN TAKEN FROM ME. DUE to I HAVE A DISABILITY
that REQUIRES ME to USE A CRUTCH to get AROUND.
EVERY INMATE HERE IN this FACILITY BESIDE ME
AND OTHERS INMATES WITH CRUTCHES ARE GIVEN THEIR
THEIR OUT OF CELL EXERCISE TIME, THIS HAS BEEN GOING
ON ALL SUMMER LONG, it SEEMS LIKE. I WASN'T ALLOWED to
GO to NIGHT YARD LIKE EVERYBODY IN POPULATION, UNLESS
I LEAVE MY CRUTCH IN. Which I NEED to WALK AROUND.
    This is A DELIBERATE Act of DISCRIMINATION
TOWARDS INMATES LIKE ME WITH CRUTCHES FOR NO REASON
OTHER THAN, BECAUSE YOU CAN do it. I HAVEN'T DONE ANY-
THING to LOSE MY RIGHT FOR OUT OF CELL EXERCISE, BUT it
DIDN'T STOP YOU FROM TAKING it FROM ME. AND ONLY ME
AND OTHER INMATES WITH CRUTCHES. that RIGHT OUT DIS-
CRIMINATION. I'VE WRITTEN ALL ③ WARDENS ON 8/25/10,
9/7/10, AND ALSO 10/12/00. HERE, I AM AGAIN ASKING FOR
AN EXPLANATION As to WHY MY YARD HAS BEEN TAKEN
FROM ME. AND WHEN WILL I GET it BACK? I PRAY
that YOU DECIDE to CHANGE THE RULE OF NO YARD FOR
INMATES WITH CRUTCHES, CAUSE IT'S A VIOLATION OF MY 8TH & HPA
AMENDMENT CONSTITUTIONAL RIGHT AND THE AMERICANS WITH
DISABILITIES Act.                    MR. GERALD REED

WARDEN EDWARDS                                    10/12/10

I'm writting once again, Because I am being Discriminated against, my yard has been taken from me, Because I have a disability that requires me to use a crutch to get around. Every inmate at Stateville beside me and other inmate with crutches are given their out of cell exercise time. this has been going all summer, it seems like, I wasn't allowed to go to the night yard like everybody in population

this is a deliberate act of discrimination towards inmates like me with crutches for no reason what so ever, other than, Because you can. I haven't done anything against the administration rule, to lose my right for out of cell exercise. But it didn't stop you from taking it from me and only me and other inmates with crutches. that's Discrimination. I've written you and the other two wardens on 8/25/10, 9/7/10 and now 10/12/10. Once I am again asking for an explanation as to why my yard has been taken from me and when will I get it back? I pray You decide to change the rule of no yard for inmates with crutches cause it's a violation of my 8th & 14th constitutional rights and the Americans with Disabilities Act...

MR. GERALD REED

thank you!

**DATE:** April 6, 2011

**TO:** Gladyse C. Taylor, Acting Director
Illinois Department of Corrections
1301 Concordia Court
Springfield, Illinois 62794-9277

**FROM:** Amanda Shackelford
6543 South Ingleside
Chicago, Illinois 60637

**In re:** Lack of meaningful medical care toward my son's condition.

**SENT VIA CRTIFIED MAIL:** 7010 1670 0001 1409 2867

My son is Gerald Reed, register number **N32920**, and he is currently within your custody and confined at the Stateville Correctional Center. Since you are legally responsible for the care, custody and control of my son, I deem it necessary and imperative to contact you for purpose of apprising you as to my son's medical situation.

Prior to my son's incarceration he suffered a gunshot wound to his right leg which necessitated surgery culminating in a pin being inserted in his leg. When my son was arrested for the offense underlying his present incarceration, he was physically abused by the police which resulted in further injury to his leg.

Now that my son has gotten older the leg is giving him problems and he's being experiencing tremendous pain and suffering. The pin in his right leg has begun to penetrate the muscle in the leg having the concomitant effect of causing ongoing physical pain. The medical staff at the Stateville Correctional Center is doing nothing of

**-1 of 2-**

significance to address the medical needs of my son whereas the problem with his leg is corrected. Instead, my son is essentially given Tylenol or some similar medication to alleviate the pain, but this is not a medical remedial measure. Although, I am not a physician, but I surmise that my son need to have some sort of corrective surgery to permanently address his medical problem. The current medical attention provided to my son for his condition is medically insufficient and bordering on deliberate indifference when the magnitude of the problem is objectively considered.

On behalf of my son, I am imploring you to promptly take necessary action to intervene, as head of the Department of Corrections, to get my son the medical treatment that his medical condition warrant to bring about a permanent solution. In this vein, the pain and suffering that my son endures will remedied.

Thank you, for your much needed assistance. I pray that you will help my son get the medical treatment that he so desperately need. I am respectfully requesting a responsive letter from you addressing the subject matter of this correspondence

Sincerely,

Amanda Shackelford


Copy:

File
Gerald Reed
Marcus Hardy, Warden
Medical Director, IDOC
Joseph Rose, IDOC legal services