THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
OCT 23 2012
OCT 23 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

GERALD KEEN )
  Plaintiff )
           )  No. 11 C 3777
   -vs-    )
           )  HONORABLE JAMES B. ZAGEL
MARCUS HARDY ET, AL )  Judge Presiding

## LOCAL RULE 56. NOTICE BY PRO-SE LITIGANT AQUEING FACT FINDING FOR SUMMARY JUDGEMENT

The Plaintiff move to answer Summary Judgement to the Defendants motion. Plaintiff is also claiming that the Defendant, acted in a colorable disregard to the Plaintiff constitutional Rights, by law.

Plaintiff has/and will answer to the following facts in which the attorney's for the Defendants has drawn up.

Plaintiff response will comply with Rule (56-(E)) Rule 56(q). In which the Defendant supported affidavit was in bad faith. Also Plaintiff will answer every paragraph in the Defendants statement of facts. Which Plaintiff do not agree, and will explain with document and counter-facts to support Plaintiff constitutional claim.

Plaintiff will also demonstrate the law that the Defendants argue, do not rely on the active finding of facts and law.

Respectfully Submitted
Gerald Keen Pro-se.

THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERALD REED )
    Plaintiff )
        v. ) No. 11 C 3777
MARCUS HARDY, ET, AL ) HONORABLE JAMES B. ZAGEL
         ) Judge Presiding

## PLAINTIFF RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGEMENT.

Now comes Plaintiff Gerald Reed pro-se, in his own compasaty, request that this Honorable court denie the Defendants summary judgement.

Plaintiff submits this response to defendants motion, because defendants have failed to meet their burden of demostrating that there is no disput as to any material fact, and because the facts set forth in Plaintiff statement of material facts and the attached evidence show that defendants violated Plaintiff's clearly established constitutional rights, this court should denie defendants motion.

1.) Plaintiff was an inmate incarcerated at Stateville Correctional Center, at the time of the occurrence alleged in his complaint (S of M F) see ▓▓. pg. 2

(Plaintiff's Response) Plaintiff is currently incarcerated at Stateville Correctional Center. EX. C. pg. 18

2.) Defendant Downs, at the time of the alleged violation, was a Correctional officer at Stateville

1

Correctional Center (SOF #2)
(Plaintiff Response) Correctional Officer Dowells is presently at service/and work at Stateville Correctional Center. (SOF#2), Also EX. C pg.(13)

#3) Defendant Encarnacion, at the time of the alleged violation, was a sergeant at Stateville Correctional Center (SOF #3) (Plaintiff Response) At the time of the violation Mr. Encarnacion was a sergeant at Stateville, but now is retired from Stateville Corr. Center. Ex.C pg.(13)

#4) Defendant Wright, at the of the violation was a Lietenant at Stateville Correctional Center (SOF.#4) (Plaintiff Response), Defendant Wright is a Lietenant at the time of the violation (S.O.F#4) and currently is still working at Stateville. EX.C.pg.(13)

#5.) Defendant Edwards, at the time of the violation was an Assistant Warden at Stateville Correctional Center (SOF #5) (Plaintiff Response) At the time of the violation, was Assistant Warden Edwards at Stateville Correctional Center (SOF#5) and current a Warden at the facility of NRC. in Joliet Illinois.

#6) Defendant Hardy, at the time of the alleged violation, was the Warden at Stateville Corr. Center (SOF#6) (Plaintiff Response) At the time of the violation Warden Hardy was/and still currently resides as the Warden at Stateville Correctional Center. EX.C pg. 6

## PARTIES

1.) Plaintiff is an inmate incarcerated at Stateville Correctional Center (Stateville). At the time the complaint and the amended complaint. See attached amended complaint as exhibit. (Contested)

2) Defendant Charles Douds is a correctional officer at Stateville Correctional Center, during the time Plaintiff. Amended complaint (Ex.B. pg.3.) Also see Plaintiff's deposition attached hereto (Ex C. pg.6 ln 9-11) Also. Plaintiff grievance attached (Ex.G.) (Contested)

3.) Defendant Joe Encarnacion was a Sergeant at Stateville Correctional Center, at the time of the amended complaint (Ex.B. pg.3). Which is now retired (Contested)

4.) Defendant Clarence Wright is current a Lieutenant at Stateville Correctional Center, and at the time of the amended complaint see (Ex.B. pg.2) (Not Contested)

5.) Defendant Darryl Edwards was the Assistant Warden of Program at Stateville Correctional Center, at the time of the amended complaint see Ex.B pg.2) Now has current went to NRC Facility as Warden (Contested)

2

6.) Defendant Marcus Hardy is the Warden at Stateville Correctional Center, During the time of the Amended Complaint see (Ex. B. pg. 2) (UNCONTESTED)

7.) Plaintiff filed suit under 42 U.S.C. 1983, stating that Defendants acted with Deliberate Indifference in not allowing Plaintiff to attend out of cell exercise with his crutches, And that the Defendants restricted Plaintiff's ability to worship Sunday Service, which violated Plaintiff's Equal Protection Right. Just because of him being Disable with crutches And/or two make a choice between the two. See (Ex. B. pg. 4, 6) see also (Ex. G.) (CONTESTED)

8.) Plaintiff states that Defendants Hardy, Edwards, Wright, Enbarnacion, And Downs denied Plaintiff his out of cell exercise (Ex. B pg. 5,8.) (CONTESTED)

9.) Plaintiff seeks $250,000 in Damages, $250,000 for pain and suffering, In Addition to punitive damages And the cost of copies And filing fee's (Ex. B. pg. 18). (UNCONTESTED)

---

Plaintiff is suing all named Defendants (Downs, Enbarnacion, Wright, Edwards And Hardy) in their official And Individual capacities. Plaintiff has made solel Montary claims, But is suing the Defendants in their Individual capacity. See (Memorandum of Law pg. 15 And 18 at (5)

3

## JURISDICTION AND VENUE

10.) Plaintiff do not contest jurisdiction as the matter minder or venue. (UNCONTESTED)

## BACKGROUND

11.) Plaintiff is required the uses of crutches in 2010, and has used them throughout the time before and after the amended complaint, see (EX. C pg. 8-9, in 8-24 / 1-24. (UNCONTESTED)

12.) Plaintiff is practicing Christian and is listed as a Baptist in the offenders tracking system. see (EX. B pg. 26 in 1-2) Also (EX. J-1-4) (UNCONTESTED)

13.) Christian service are held at Stateville on Sundays see (EX. C pg. 25 in 7-24) also (EX. M One service is held from 9:AM to 11:AM. And the second service is held on/or about 12:PM to 2:PM see (EX. C pg. C in 6-72) (CONTESTED)

14.) Church service are held in a classification manner. All aggressive level inmates attend together on one Sunday B-House and E-House. And none aggressive level inmates attend the following week D-House and C House vice verser. Along with Y-House, see (EX C pg. 28 =31 in 1-24

4

15.) Whether an individual with /or without crutches can not attend christian service every week. see (EX C pg. 28. in -13 (un-contest) / (contested)

16). Plaintiff has no additional option to church services/ or AGAPE Bible study (EX.C pg. 37-38 in 22-24 /1-24) (contested.)

17.) Inmates that can attend AGAPE Bible study until he has a disciplinary action, that would land him in segregation or miss three consecetive weeks, with informing the chaplin Department (EX.C pg. 33 in 2-21) see Also (EX.E pg.5.) (contested)

18) Plaintiff has attended a weekly "Saturday" Bible study back in 2010. Which doesn't fulfill the overall requirement of a person's faith (see EX.C pg. 25 in 7-10) see Also (EX.A/H.) (contested) MEMORANDUM of law.

19.) Before August 2010. Plaintiff was able to attend yard/ out of cell exercise with his crutches every week for 2½ hours. with inmates on his gallery. (EX B.pg.9) Also (EX C pg. 5-6. IN 18-24 / 1-6) (contested) see Also (EX-K)

5

20.) On/or about August 2010, Plaintiff and those with the assistance of crutches was denied weekly out of cell exercise, and those without crutches or any disability was allowed to attend weekly out of cell exercise. Beside if they were admitted in the Hospital for housed in the HCU. See (EX. B. pg. 9) (Contested) See (EX-K)

21.) During the month on/or about August 2010. Plaintiff had attended the following activities within the Stateville Correctional Center. To the lunch and Dinner, with the rest of the inmates on his gallery everyday, if he chooses to, The Law Library when able, Family visiting, Attorney visiting room, Weekly Classes "the Father Hood Initiative, the shower, and the Hospital. All these places Plaintiff attends with his crutches. But not the out of cell exercise/Recreation. See (EX. C pg. 71 ¶¶ 20-24, C pg. 78 ¶¶ 1-30). (Contesting) In these places, Plaintiff will demonstrate that he can attend the out of cell exercise id. See (EX B. pg. 7) (Contested)

22.) The Institution had need time to accommodate the inmates with crutches, a time, date, place for 5 hours on the week. Which is only Sunday's at 9:AM til 1:30 PM or 2 PM. See (EX C pg. 15 ¶¶ 4-24, C pg. 16 ¶¶ 1-24 also EX. D) (Contested)

23.) In December 2010, Inmates at Stateville Corr. Center recieved a memo dated "September 2010". Notifying them

6

that inmates with crutches will be allowed access to the out of cell exercise/recreation (SEE EX.D) Also (EX.B.pg.8) throughout the months of Sept. Oct. and Nov. the staff was instructed to tell inmates with crutches, to wait until the facility found a place/or space, where those with a crutch/ or crutch can attend out-of-cell exercise/recreation SEE (EX.B.pg.6) Also (EX.C pg. 15 In 3-24) (CONTESTED)

24.) Since December 2010 Plaintiff and all other inmates with crutches are able to go to yard from on/or about 9 AM to 11:PM 3 hours on Sunday (SEE EX.B pg.9) Also (Ex C pg. 20 In 18-24) Also Ex. C pg. 21 In 1-24) Also (EX D) (CONTESTED) Defendant allowed only 4 hours, see Defendant uncontested facts.

25.) Yard time schedule and time with inmates with the use of crutches begins to run between the same hours 8:AM/or 9 AM til 1:PM. (SEE EX C pg. 23 In 11-24) (CONTESTED) Plaintiff has subpoena the church schedule but have to go a response (Sept 10, 2012 and Sept 18, 2012) SEE (EX M). Also (EX D)

26.) All inmates who has access to a crutch/or crutches attend the same yard, and that same yard every week. And up until the time of the deposition, no more then 12 inmates attended (EX.C pg 17 In 2-16) Also (EX. D) (CONTESTED) Everyone else go to south yard and gym SEE (EX.D)

7

27) Plaintiff possibility to attend Christian service has not changed. Due to the fact that the yard, Plaintiff is scheduled to go on the same days. Due to the following. Scheduled yard time/and Christian service times run together (see EX.C pg. 22 jn 1-11) Also (see EX.C.pg. 26 jn 11-14.) (CONTESTED) Muslim service (Friday) or hour witness (Saturday) Calath service (Saturday) and Hebrew (Monday). No other Religious gathering run's in accordance with a scheduled yard day. But Hebrew. See (EX.D.) See Also (EX.M)

28.) Defendant Down, Encarnacion, Wright are named in the lawsuit. Because these people personally informed and denied Plaintiff access to out of cell exercise, between the months of September to December per the institutional policy/memo 16.1 Warden Hardy see (EX.C pg. 64 jn 13-24) Also Memorandum of Law (CONTESTED).

29.) Plaintiff named Defendant Hardy and Edwards in the lawsuit, for the following reasons, the Warden's has in forced a policy/and Rule. Which Plainly Discriminated against Plaintiff see. (EX.B.pg.10/11) Also (EX.C.pg.44 jn 14-23) (CONTESTED) These Defendants were put on notice that they were violating Plaintiff's Right. But they refuse to personally do something to stop it. So they are sued in their individual capacity. (see Memorandum of Law).

30.) Each Defendant is sued in their individual capacity. Because they turn a blind eye to justice and the Constitution. (Contested) see (Ex. B).

31.) These Defendants discriminated against those with a disability to prevent those with a crutch/or crutches to not attend out of cell recreation with other inmates in population. (see Ex. B.) (Contested) see also (Ex. K.)

32.) Defendant argued that the fact that Plaintiff went to Bible Study (Agape). That it was a substitute for not being allowed to attend (Sunday) Christian Service held for all population inmates as a Christian see (Ex. ) Also Memorandum of Law. (Contested)

33.) Plaintiff could not substitute one service, when in fact, Plaintiff was not in attendance. Because of the Instructor was not present see (Ex. A) and (Ex. X. (Contested)

Wherefore, for the foregoing reasons, and the reasons stated in the attached Memorandum of Law. Contested by Plaintiff. Plaintiff respectfully request that this court denies summary judgement in the favor of all the claims the Plaintiff brought to the court attention. And give relief that you deem appropriate and just.

Gerald Reed
Respectfully submitted

9