UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERALD REED,

    Plaintiff,

v.

MARCUS HARDY, et al.,

    Defendants.

No. 11 C 3777

Hon. James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants violated his constitutional rights by failing to allow him yard time for several months because he required the use of a crutch. Subsequently, he has been made to choose between yard time or attendance at his religious service because yard time for prisoners with crutches conflicts with his religious service times. Defendants Marcus Hardy, Joe Encarnacion, Clarence Wright, Charles H. Downs, and Darryl Edwards have moved for summary judgment on all claims. For the reasons stated below, Defendants' motion is denied.

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Village of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In determining whether factual issues exist, the Court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The

court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986)).

However, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010), quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Lorillard Tobacco Co., Inc. v. A & E Oil, Inc.*, 503 F.3d 588, 594–595 (7th Cir. 2007), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (internal citations omitted). The inquiry is essentially "whether the evidence presents a sufficient disagreement to require submission to the jury, or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## FACTS

Plaintiff is a prisoner at Stateville Correctional Center. (Defs.' 56.1(a)(3) Statement ¶ 1.) Defendant Marcus Hardy is the warden at Stateville. (*Id.*, ¶ 6.) Defendant Darryl Edwards was the Assistant Warden at Stateville during the relevant time period. (*Id.*, ¶ 5.) Defendant Charles Downs was a correctional officer at Stateville during the relevant time period. (*Id.*, ¶ 2.) Defendant Joe Encarnacion was a sergeant at Stateville during the relevant time period. (*Id.*, ¶ 3.) Defendant Clarence Wright was a lieutenant at Stateville during the relevant time period. (*Id.*, ¶ 4.)

Plaintiff requires the use of crutches at Stateville, including in August 2010. (Defs.' 56.1(a)(3) Statement ¶ 11.) Plaintiff is a practicing Christian and is listed as a Baptist in the Offender Tracking System. (*Id.*, ¶ 12.) Two Christian services are held at Stateville on Sundays. (*Id.*, ¶ 13.) One service is held from 9:00 a.m. to 11:00 a.m. and a second service is held from 12:00 p.m. to 2:00 p.m. (*Id.*) All Christian inmates are allowed to attend Christian service every other week. (*Id.*, ¶ 15.) Inmates are also allowed to attend a bible study as long as they do not receive a disciplinary ticket. (*Id.*, ¶¶ 16-17.) Plaintiff has been placed in a weekly bible study class. (*Id.*, ¶ 18.)

Prior to August 2010, Plaintiff was allowed to go to the yard twice a week for 2.5 hours with all the inmates in his gallery, whether they required crutches or not. (Defs.' 56.1(a)(3) Statement ¶ 19.) Between the months of August 2010 and December 2010, all inmates, including Plaintiff, who used the assistance of crutches were not allowed to go to the same yard as the general population inmates who did not use crutches. (*Id.*, ¶ 20.) During these months, Plaintiff had the opportunity to walk to various places within Stateville, including: to lunch and dinner on a daily basis, to the law library on a weekly basis, to family visits once a week, to a class where Plaintiff was a fill in for a

father initiative class on a weekly basis, to showers three times a week, to the health care unit three times a month, to the barber shop once a month, and to commissary once a month. (*Id.*, ¶ 21.)

In December 2010, inmates received a memo notifying them that inmates with crutches would be allowed yard access during a specific time of day during the week. (Defs.' 56.1(a)(3) Statement ¶ 22.) Stateville had needed time to determine a yard schedule to accommodate inmates with crutches. (*Id.*, ¶ 23.) Since December 2010, all inmates that use crutches are allowed yard access on Sundays for a four-hour time block. (*Id.*, ¶ 24.) There are two, four-hour time blocks on Sundays: from 8:00 a.m. to 12:00 p.m. and from 9:00 a.m. to 1:00 p.m. (*Id.*, ¶ 25.)

## ANALYSIS

Plaintiff raises three claims in his amended complaint: a violation of his Eighth Amendment due to his inability to have yard time from August 2010 to December 2010, violation of his right to exercise his religion, and a violation of his right to equal protection.

**Eighth Amendment Claim**

The Eighth Amendment requires a minimum standard for the treatment of inmates by prison officials, including prison conditions cannot involve "the wanton and unnecessary infliction of pain." *Rhodes v., Chapman*, 452 U.S. 337, 347 (1981). A two-part analysis is undertaken when a prisoner challenges the conditions of his confinement. *See Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). The conditions at issue must be "sufficiently serious" so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted). The prison conditions may be uncomfortable and harsh without violating the Eighth Amendment. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). The deprivations must be "extreme" for a conditions-of-confinement

claim. *See Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). If the condition is sufficiently serious, the plaintiff must then demonstrate that the prison official acted with "deliberate indifference" to the prison condition. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991); *Townsend*, 522 F.3d at 773. "Deliberate indifference" means that the prison official knew that that the inmate faced a substantial risk of serious harm but disregarded that risk by failing to take reasonable measures to address that risk. *See Farmer*, 511 U.S. at 847; *Townsend*, 552 F.3d at 773.

Defendants argue that Plaintiff's inability to exercise in the yard did not constitute a sufficiently serious deprivation because Plaintiff was able to get "exercise" when he walked to different places within the prison.

The "general" rule is that the "denial of yard privileges for no more than 90 days at a stretch is not cruel and unusual punishment." *Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001). However, even less than 90 days without yard privileges can constitute cruel and unusual punishment if the denial of yard privileges were imposed for a trivial reason. *See Pearson*, 237 F.3 at 885. Here, Plaintiff was not allowed any yard privileges from approximately five months. Furthermore, while he was allowed to walk to different areas within the prison, there is no indication that Plaintiff had any meaningful chance to exercise. *See Delaney v. DeTella*, 256 F.3d 679, 684 (7th Cir. 2001) (lack of any meaningful chance to exercise for 6-month period constituted significant and serious deprivation). In addition, Plaintiff's inability to have yard time was not because he was being punished for an infraction at the prison; instead, he was not able to go to the yard because of a prison policy regarding inmates that required the use of a crutch. Defendants fail to indicate any legitimate penological reason justifying an extended denial of yard time. *See Delaney*, 256 F.3d at 684 (noting

that the defendants failed to present an legitimate penological for an extended denial of exercise privileges).

Lastly, as to the Eighth Amendment claim, Defendants do not address whether genuine issues of material fact exist as to whether that acted with deliberate indifference to a serious risk to Plaintiff's well-being. Plaintiff alleges that all Defendants were aware that he requested yard time on multiple occasions and that he was denied such yard time. Thus, genuine issues of material fact exists as to whether they acted with deliberate indifference by denying Plaintiff yard time for a five-month period.

**Free Exercise and RLUIPA Claim**

Plaintiff alleges that requiring him to choose between yard time and going to communal service is a violation of his right to exercise his religion. While Plaintiff's complaint did not specifically cite to the Religious Land Use and Institutionalized Personal Act (RLUIPA), 42 U.S.C. § 2000cc-1a, the complaint did not need do so, *see Whitfield v. IDOC*, No. 06-2245, 237 Fed. Appx 93 (7th Cir. May 23, 2007) (complaint need not cite to RLUIPA or statute to state a claim under the statute), and both parties include, at least in part, a discussion of RLUIPA in addressing Plaintiff's claim regarding his right to practice his religion. Thus, the court addresses Plaintiff's claim under both RLUIPA and the First Amendment.

The First Amendment right to freely exercise one's religion includes inmates. *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). However, prison officials may restrict this right if the restriction is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Likewise, RLUIPA protects the right of prisoners to practice their religion and places a greater burden on prison officials who week to justify practices or policies that impose a substantial

burden on religious practice. RLUIPA provides that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person --
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000c-1(a). A substantial burden on religious exercise has been interpreted as "one that necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise . . . effectively impracticable." *Civil Liberties for Urban Believers v. City of Chicago*, 341 F.3d 752, 761 (7th Cir. 2003); *Nelson v. Miller*, 570 F.3d 868, 878 (7th Cir. 2009). A substantial burden exists if the policy or practice "puts [a] substantial pressure on an adherent to modify his behavior and violate his beliefs." *Nelson*, 570 F.3d at 878. Importantly, RLUIPA requires a compelling government interest to justify a policy or practice that creates a substantial burden on an inmate's religions exercise. This justification is greater than the reasonable relation to a legitimate penological interest required under the First Amendment. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987). In addition, RLUIPA requires that the government agents demonstrate that the policy or practice is "the least restrictive means of furthering the compelling government interest. 42 U.S.C. § 2000c-1(a).

Here, factual disputes preclude summary judgment under either RLUIPA or the First Amendment. Defendants argue that Plaintiff can exercise his right to practice his religion, he just has to choose not to go to the yard to do so. Furthermore, he can exercise by walking within the prison instead of going to the yard. In addition, Defendants argue that he may also attend bible study

as a form of communal worship and still go to the yard on Sundays. However, Plaintiff argues that walking within the prison is not the same as being able to exercise in the yard and he does not believe that attending bible study is the equivalent of communal worship, thus, he is forced to either exercise his religion or forfeit that right in order to exercise in the yard as do all the other inmates without crutches. Thus, genuine issues of material fact exist as to whether the policy substantially burdens Plaintiff's right to exercise his religion. *See also, Kaufman v. Schneiter*, 474 F. Supp. 2d 1014, 1030-31 (W.D. Wis. 2007) (finding plaintiff stated a claim based on having to choose between exercise time and access to law library). Furthermore, Defendants do not include any justification for the policy to demonstrate that the policy was put into place in furtherance of a compelling government or that the present policy is the least restrictive means of doing so. Plaintiff's do not even argue that the policy is reasonably related to some legitimate penological interest. Accordingly, summary judgment must be denied as to both claims.

**Equal Protection Claims**

Plaintiff claims that he is being treated differently than inmates who do not require the need of a crutch in violation of the equal protection rights. Plaintiff, and all other inmates who required the use of a crutch were treated differently in two different aspects: (1) in their inability to exercise in the yard for several months and (2) as to inmates of the Christian faith who require the use of a crutch, the inability to attend communal worship and have yard time. Disabled persons are not a suspect class. *City of Cleburne v. Cleburne Living Center*, 473, U.S. 432, 440 (1985). Thus, any classification which distinguishes between prisoners who require the use of a crutch and others need only be rationally related to a legitimate government interest. *See City of Cleburne*, 473 U.S. at 446.

Defendants argue that Plaintiff is being treated just like all other inmates who require the use of a crutch, thus, there is no equal protection violation. However, Defendants do not provide a legitimate government interest for treating inmates with crutches differently than inmates who do not require the use of crutch for purposes of yard time and the resulting inability of Christians to have both yard time and attend communal worship. Thus, summary judgment as to the equal protection claims must be denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [64] is denied. In light of the matter proceeding past the summary judgment stage, Plaintiff's motion the appointment of counsel [60] is granted. The Court appoints Joel Abbott D'Alba of Asher, Gittler, Greenfield, Cohen & D'Alba, 200 West Jackson Blvd., Chicago, Illinois, 60606, (312) 263-1500, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37.

Dated: 12/19/2012

James B. Zagel
United States District Court Judge